# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED

MAY 2 6 2026

IN THIS OFFICE
Clerk U.S. District Court
Greensboro, NC
By_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| RENARD CALVERT ELLIS | : | 1:26CR110 -1 |
| JAMARIOUS TIKEI MEEKS | : | 1:26CR110 -2 |
| DA'QON IKEZ STEWART | : | 1:26CR110 -3 |
| BRANDEN TYREQ BUCHANAN | : | 1:26CR110 -4 |

The Grand Jury charges:

## GENERAL ALLEGATIONS

### The Financial Institutions

At all times relevant hereto, unless otherwise stated:

1. American Express Company ("American Express") was a financial institution with no physical branch locations but having an online presence in the Middle District of North Carolina, whose accounts were insured by the Federal Deposit Insurance Corporation ("FDIC").

2. Bank of America, N.A. ("Bank of America") was a a financial institution headquartered in Charlotte, North Carolina, with branch locations in the Middle District of North Carolina, whose accounts were insured by the FDIC.

3. Capital One Financial Corporation ("Capital One") was a financial institution headquartered in McLean, Virginia, with a service location in the Middle District of North Carolina, whose accounts were insured by the FDIC.

4. JPMorgan Chase Bank, N.A. ("Chase" or "Chase Bank") was a financial institution headquartered in New York, New York, with branch locations in the Middle District of North Carolina, whose accounts were insured by the FDIC.

5. Citibank, N.A. ("Citibank" or "Citi") was a financial institution headquartered in New York, New York, with branch locations in the Middle District of North Carolina, whose accounts were insured by the FDIC.

6. Fidelity Investments ("Fidelity") was a brokerage firm and financial services provider headquartered in Boston, Massachusetts, with branches located in the Middle District of North Carolina, whose brokerage accounts were insured by the Securities Investor Protection Corporation (SIPC), and whose uninvested funds in cash management accounts were insured by the FDIC.

7. Fifth Third Bank was a financial institution headquartered in Cincinnati, Ohio, with branch locations in the Middle District of North Carolina, whose accounts were insured by the FDIC.

2

8. MetaBank (now Pathward, N.A.) was a financial institution headquartered in Sioux Falls, South Dakota, with no physical branch locations but operating in part through retail locations (such as Walmart, Walgreens, CVS, and Rite Aid) for deposit of funds located in in the Middle District of North Carolina, whose accounts were insured by the FDIC.

9. Navy Federal Credit Union ("Navy FCU") was a financial institution headquartered in Vienna, Virginia, with a branch location in the Middle District of North Carolina, whose accounts were insured by the National Credit Union Administration ("NCUA").

10. PNC Bank, N.A. ("PNC Bank") was a financial institution headquartered in Pittsburgh, Pennsylvania, with branches in the Middle District of North Carolina, whose accounts were insured by the FDIC.

11. Regions Bank was a financial institution headquartered in Birmingham, Alabama, with branch locations in the Middle District of North Carolina, whose accounts were insured by the FDIC.

12. Skyla Federal Credit Union ("Skyla Credit Union") was a financial institution headquartered in Charlotte, North Carolina, with branch locations in the Middle District of North Carolina, whose accounts were insured by the NCUA.

3

Case 1:26-cr-00110-UA    Document 1    Filed 05/26/26    Page 3 of 13

13. SouthState Bank, N.A. ("SouthState Bank") was a financial institution headquartered in Winter Haven, Florida, with branch locations in the Middle District of North Carolina, whose accounts were insured by the FDIC.

14. State Employees' Credit Union ("SECU") was a financial institution headquartered in Raleigh, North Carolina, with branch locations in the Middle District of North Carolina, whose accounts were insured by the NCUA.

15. TD Bank, N.A. ("T.D. Bank") was a financial institution headquartered in Cherry Hill, New Jersey, with branch locations in the Middle District of North Carolina, whose accounts were insured by the FDIC.

16. Truist Bank was a financial institution headquartered in Charlotte, North Carolina, with branch locations in the Middle District of North Carolina, whose accounts were insured by the FDIC.

17. Truliant Federal Credit Union ("Truliant") was a financial institution headquartered in Winston-Salem, North Carolina, with branch locations in the Middle District of North Carolina, whose accounts were insured by the NCUA.

4

18. Wells Fargo Bank, N.A. ("Wells Fargo") was a financial institution headquartered in San Francisco, California, with branch locations in the Middle District of North Carolina, whose accounts were insured by the FDIC.

19. Woodforest National Bank, Inc. ("Woodforest Bank" or "Woodforest") was a financial institution headquartered in The Woodlands, Texas, with branch locations in the Middle District of North Carolina, whose accounts were insured by the FDIC.

**The Defendants**

At all times relevant hereto, unless otherwise stated:

20. RENARD CALVERT ELLIS resided at various locations including Columbia, South Carolina, Charlotte, North Carolina, and Monroe, North Carolina.

21. JAMARIOUS TIKEI MEEKS was a resident of Charlotte, North Carolina.

22. DA'QON IKEZ STEWART was a resident of Charlotte, North Carolina.

23. BRANDEN TYREQ BUCHANAN was a resident of Charlotte, North Carolina.

5

## COUNT ONE
## Conspiracy to Commit Bank Fraud
## 18 U.S.C. § 1349

24. The general allegations section in this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

25. From in or about September 2022, up to and including through in or about November 2024, the exact dates to the Grand Jury unknow, in the Middle District of North Carolina, and elsewhere, the defendants, RENARD CALVERT ELLIS, JAMARIOUS TIKEI MEEKS, DA'QON IKEZ STEWART, and BRANDEN TYREQ BUCHANAN did willfully, that is, with intent to further the object of the conspiracy, knowingly combine, conspire, confederate, and agree with each other, and with others known and unknown to the Grand Jury, to knowingly, and with intent to defraud, execute, attempt to execute, and cause the execution of, a scheme and artifice to obtain moneys and funds owned by, and under the custody and control of, financial institutions, that is, American Express, Bank of America, Capital One, Chase, Citi, Fidelity, Fifth Third Bank, MetaBank, Navy Federal Credit Union, PNC Bank, Regions Bank, Skyla Credit Union, SouthState, TD Bank, Truist, Truliant, and Wells Fargo, by means of false and fraudulent pretenses, representations, and promises relating to a material fact; in violation of Title 18, United States Code, Section 1344(2) and 2.

6

## PURPOSE OF THE CONSPIRACY

26. It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (1) obtaining and causing others to obtain stolen checks and personal identification information ("PII"), including but not limited to, debit card, credit card, and bank account numbers, from the U.S. mail, and elsewhere; (2) fraudulently altering, and causing others to alter the stolen checks; (3) depositing the false and fraudulently altered checks into bank accounts controlled by the defendants and their co-conspirators; ( 4) selling the false and fraudulently altered checks; and, (5) using the illicit proceeds from the deposit and sale of the fraudulently altered checks for their own personal gain and to advance the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

27. The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose and object of this conspiracy included, among other things, the following:

28. RENARD CALVERT ELLIS, JAMARIOUS TIKEI MEEKS, DA'QON IKEZ STEWART, and BRANDEN TYREQ BUCHANAN, and their co-conspirators, did steal, take and abstract letters and articles of mail which had been left for collection upon a Postal Service collection box or upon mail

7

routes, and did buy, receive, and conceal, and unlawfully possess such letters and articles of mail so stolen, in order to advance their bank fraud scheme.

29. RENARD CALVERT ELLIS, JAMARIOUS TIKEI MEEKS, DA'QON IKEZ STEWART, and BRANDEN TYREQ BUCHANAN, and their co-conspirators altered the checks stolen from the U.S. mail either by removing the true payees from the checks by washing away ink using chemicals ("check washing") and by creating counterfeit checks using payee details obtained from checks stolen from the U.S. mail and images of such checks.

30. RENARD CALVERT ELLIS, JAMARIOUS TIKEI MEEKS, DA'QON IKEZ STEWART, and BRANDEN TYREQ BUCHANAN, and their co-conspirators used mobile messaging apps including Telegram Messenger Inc. ("Telegram"), Instagram, and iMessage, to advertise stolen checks and counterfeit checks for sale, and to recruit persons (called "walkers," "walk-ins," or "cashiers") to deposit such checks into accounts controlled by the defendants and their co-conspirators, and to cash such checks and withdraw funds from accounts where such checks were deposited.

31. RENARD CALVERT ELLIS, JAMARIOUS TIKEI MEEKS, DA'QON IKEZ STEWART, and BRANDEN TYREQ BUCHANAN, and their co-conspirator, sold and delivered stolen checks to customers engaged in

8

similar fraud schemes, and used the proceeds from the sale of the false and fraudulent checks, for their own personal benefit and gain.

32. RENARD CALVERT ELLIS, JAMARIOUS TIKEI MEEKS, DA'QON IKEZ STEWART, and BRANDEN TYREQ BUCHANAN, and their co-conspirators also used mobile messaging apps to offer stolen checks for sale in exchange for access device cards ("plastics"), and to knowingly transfer, possess, and use the means of identification of other persons, that is, access device card numbers, expiration dates, security codes, accountholder names, addresses, and dates of birth, in order to gain access without lawful authority to victims' financial accounts.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS TWO THROUGH THREE
### Bank Fraud
### 18 U.S.C. § 1344

33. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

34. On or about the dates and for the defendants specified below, in the Middle District of North Carolina, and elsewhere, the defendants, RENARD CALVERT ELLIS, JAMARIOUS TIKEI MEEKS, DA'QON IKEZ STEWART, and BRANDEN TYREQ BUCHANAN, did knowingly, and with intent to defraud, execute, and attempt to execute, and cause the execution of,

9

Case 1:26-cr-00110-UA    Document 1    Filed 05/26/26    Page 9 of 13

a scheme and artifice to obtain moneys and funds owned by, and under the custody and control of, one or more financial institutions, by means of materially false and fraudulent pretenses, representations, and promises relating to a material fact; in violation of Title 18, United States Code, Section 1344(2) and 2.

## PURPOSE OF THE SCHEME AND ARTIFICE

35. It was the purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves by depositing false and fraudulent checks, and fraudulently altered checks stolen from the U.S. mail into bank accounts that the defendants and their accomplices controlled and using the illicit proceeds for their personal benefit and gain.

## SCHEME AND ARTIFICE TO DEFRAUD

36. The Manner and Means section from Count One of this Indictment is re-alleged and incorporated by reference as though fully set forth herein as the description of the scheme and artifice.

## EXECUTION OF THE SCHEME AND ARTIFICE

37. On or about the dates specified below, the defendants did execute, and cause the execution of, the above-described scheme and artifice to defraud, as more particularly described below:

10

| Count | Defendant(s) | Date(s) (on or about) | Execution |
|---|---|---|---|
| Two | **BRANDEN TYREQ BUCHANAN** | July 1, 2024, though July 2, 2024 | Theft in Cabarrus County, N.C., of check number 6319 drawn on a personal account with SECU, alteration of the payee and check amount to $4,115.74, and deposit into a PNC account ending in 8735 in the name of "BRANDEN BUCHANAN" |
| Three | **RENARD CALVERT ELLIS, JAMARIOUS TIKEI MEEKS, and DA'QON IKEZ STEWART** | July 24, 2024 through August 1, 2024 | Theft in Cabarrus County, N.C., of check no. 152888 drawn on a business account with Truist in the amount of $600, alteration of the payee, and depositing the funds in a SECU account ending in 5400, in Mecklenburg County, N.C. |

in violation of Title 18, United States Code, Section 1344(2) and 2.

11

## COUNT FOUR
### Possession of a Stolen Mail Key
### 18 U.S.C. § 1704

On or about August 31, 2024, in the County of Cabarrus, in the Middle District of North Carolina, the JAMARIOUS TIKEI MEEKS did knowingly and unlawfully possess a key suited to any lock adopted by the Postal Service and in use on any lock box, lock drawer, and other authorized receptacle for the deposit and delivery of mail matter, that is, Arrow Key with serial number 96-34929, with the intent to unlawfully and improperly use such key and to cause such key to be unlawfully and improperly used; in violation of Title 18, United States Code, Section 1704.

## COUNT FIVE
### Possession of Stolen Mail
### 18 U.S.C. § 1708

On or about August 31, 2024, in the County of Cabarrus, in the Middle District of North Carolina, the JAMARIOUS TIKEI MEEKS unlawfully had in his possession twenty-nine (29) pieces of mail, which had been stolen, taken, and abstracted from a mail receptacle which was an authorized depository for mail matter, knowing said item to have been stolen; in violation of Title 18, United States Code, Section 1708.

12

## COUNT SIX
### Possession of Stolen Mail
### 18 U.S.C. § 1708

On or about November 15, 2024, in the County of Cabarrus, in the Middle District of North Carolina, the DA'QON IKEZ STEWART unlawfully had in his possession six (6) checks, which had been stolen, taken, and abstracted from a mail receptacle which was an authorized depository for mail matter, knowing said item to have been stolen; in violation of Title 18, United States Code, Section 1708.

DATED: May 26, 2026

DAN BISHOP
United States Attorney

BY: ANAND RAMASWAMY
Assistant United States Attorney

A TRUE BILL:

FOREPERSON

13